**FULKERSON v FULKERSON, Exrx et**

Ohio Appeals, 5th Dist, Fairfield Co

No 252. Decided Sept 25, 1932

C. A. Radcliffe, Lancaster, for plaintiff. Silbaugh & Silbaugh, Lancaster, for decedents.

LEMERT, J.

Several grounds of error are urged, both in oral argument and brief; which are as follows; to-wit,

1. The will is not sustained by the evidence.
2. That the testator was under undue influence at the time of the making of the will.
3. Error in the admission of testimony.
4. Error prejudicial to the rights of plaintiff in error in the argument of counsel for defendant in error.
5. Error in refusing to give plaintiff's special request to charge.
6. Error in the court giving defendant's special request No. 1.

We will take the assignment of errors up in the order above named.

To sustain the will, as disclosed by the record, we note that the decedent's physician, Dr. Michael Clouse, Judge Hynus, John L. Graham, Lulu Gillespie, A. D. Danison, Charles Livingstone, Harold Kane and Robert Radebaugh, were called as witnesses. After a careful examination of the testimony of these witnesses, we are satisfied that there was sufficient evidence before the jury to justify the verdict in sustaining the will. And offered against the testimony of these witnesses there was some testimony on the part of the plaintiff below which tended to establish the fact that during the last two or three years of testator's life he was not in as good physical condition as he had been prior to that time and that because of his weakened physical condition his mental ability was to a degree affected.

The record discloses that certain isolated incidents, of shuffling of the feet, failure to immediately recognize some former acquaintances, and halting conversations, were introduced to show a lack of mental ability.

We believe it to be a well established principle of law in this state and other jurisdictions, that the requirement that a testator shall be of sound mind and memory at the time of the execution of a will does not mean that one who has been weakened by sickness is incapable of making a will, and only that he shall then have sufficient memory and a mental capacity to understand fully what he is doing.

22 CC, N.S., 88.

On the second proposition, of undue influence, we note that the only attempt of plaintiff in error to establish undue influence is made against the defendant, Elizabeth Fulkerson. The testimony of Elizabeth Fulkerson, Judge Hynus and Lulu E. Gillespie, the latter two being witnesses to the will, in our minds conclusively establishes the fact that Elizabeth Fulkerson had nothing whatever to do with the writing of this will. It is in the record, on page 308, that the decedent made the statement that the making of a will was a man's business, and the woman's business was to look after her house and her husband. The record fails to disclose that he even talked to his wife about the making of the will until a month after the will was executed, and while it is inferred that the widow, Mrs. Fulkerson, procured the services of Dr. Clouse, the physician, and Judge Hynus, the lawyer, the testimony conclusively discloses that she had nothing whatever to do with securing their services, and that the decedent himself called both Dr. Clouse and Judge Hynus by long distance telephone and asked them to come and see him.

By undue influence the law means an influence which substitutes the wishes of another in the judgment of a testator.

A will can not be impeached for undue influence unless the influence under which it is made imposes some restraint upon the testator in the disposition of his property in accordance with his own independent wishes and judgment.

17 Oh St, 302, 21 Oh Ap, 203.

On the third ground of error, in the admission of certain evidence, to-wit, a series of letters, written by the plaintiff in error to his father in the years from 1919 to 1926, in which the father was importuned for money, and in answer to which the father forwarded the plaintiff money in the amount of Seven Thousand Eight Hundred and Sixty-five Dollars, as shown by defendant's Exhibit Q. These exhibits disclose that the plaintiff's frequent requests for money were granted by the testator. The record discloses that no objection was made to the introduction of the post-office money order receipts, introduced as "defendant's Exhibit Q," and the money evidenced by these receipts was forwarded to the plaintiff by the testator as a result of the importuning letters of the plaintiff, shown in defendant's Exhibits B to L. The letters are the beginnings of the transactions; the post office money order receipts are the ends of the transactions. These letters from the son to the father were competent evidence in the case to show the transactions between the son and father, and it is to be noted, on page 310 of the bill of exceptions, that the

testator sought to end the frequent demands for money by the plaintiff by having his wife, the defendant, to write to the son concerning same.

As to the fourth ground of error, in permitting A. D. Danison to testify; objection to the testimony of Mr. Danison being for the reason that he was in the court room during the taking of a part of the testimony. The record discloses Mr. Danison to be a reputable business man and citizen of the City of Lancaster for thirty years. Page 262 of the record shows that he was only in the court room about a minute and a half during the taking of evidence. The court below in its discretion permitted Mr. Danison to testify, and we think, properly so, for the reason it is not claimed, neither does the record show, that the witness remained in the court room for even the short space of time of a minute and a half by the suggestion of the defendant, who called him, nor was there any attempt made to establish the fact that Mr. Danison's testimony was in any manner affected by his presence in the court room during this short period.

"While the Court is possessed with discretion to refuse or permit the examination of a witness who has remained in Court by procurement or connivance by the party calling him in violation of an order for the separation of witnesses, it is vested with no such discretion to prevent examination where there has been no such procurement or connivance, but the order is to be enforced by the officers in attendance, and disobedience of it punished by the Court as for contempt."

39 Oh St, 73.

As to the fifth ground of error complained of, to-wit, the argument of counsel: In the closing argument of counsel for the defendant exception was taken to a portion thereof by counsel for plaintiff. The particular phase of the case then under discussion was that of the transfer of the Eight Thousand Five Hundred Dollars in Liberty Bonds in August, 1929, by Frank E. Fulkerson, Sr., to his wife, Elizabeth Fulkerson, and the attack by the plaintiff upon this transaction is set forth in the cross-examination of the defendant, Elizabeth Fulkerson, on pages 332 and 333 of the bill of exceptions. This transaction was discussed in the argument of counsel for plaintiff, but the argument on this matter was not taken in shorthand by the Court Stenographer, and consequently is not made a part of the record, and only a portion of a sentence of counsel for the defendants is included in the record. The stenographer states in her testimony that neither the beginning of the sentence, nor the ending of the sentence, complained of was taken by her. From an examination of the whole of the record we do not believe that the jury was in any way influenced or misled by the argument of counsel for the plaintiff or the answer made thereto by counsel for defendant. Keeping in mind that there was no record of the argument of counsel made, it would be improper for a Court to hold that a portion of a sentence of the argument of counsel was prejudicial, when other portions of the argument are not included in the record.

In the 8th Oh Ap, 203, 204, we note that the court in that case made the following holding:

"Assuming, however, that the evidence of alleged misconduct is properly before the Court, it appears that only a portion of the arguments of counsel are presented. The record does not disclose what arguments, if any, were made by counsel for plaintiff in error that may have provoked some of the arguments now complained of. In the absence of a full report of the arguments of counsel, we would not feel justified in holding that the alleged misconduct of counsel for defendants in error was such as would justify a reversal of the judgment."

Coming now to the sixth ground of error complained of, to-wit, the refusal of the court to give plaintiff's special request No. 3, which is as follows:

"The court instructs the jury that if at the time Frank E. Fulkerson, deceased, executed the alleged will, he did not realize that those united to him by ties of blood had the first claim upon his consideration, then the court charges you that he was not competent to make a will, and you must find in your verdict, that the writing here produced is not his valid last will and testament."

The above request we find and hold to be only a partial statement of one of the rules of testamentary capacity and that the same, standing alone, is not a proper statement of the element of testamentary capacity. An examination of the court's charge discloses that a correct statement was announced and given in paragraph 3 of plaintiff's special instruction No. 1, in which the court stated that it was necessary for the person making a will to be able to hold in his mind the names and identity of those who have natural claims upon his bounty, and in paragraph four of the same special instruction No. 1, to be able to appreciate his relation to the members of his family.

The court, besides giving special instruc-

tion No. 1, repeated the same in his general charge to the jury, (Pages 370 and 371), and there we believe he correctly states the proposition of law as attempted to be outlined in plaintiff's instruction No. 3. We note that the court closely followed the requirements of testamentary capacity as announced in 97 **Oh St, 145**, which is a leading case in Ohio Jurisprudence on the question of testamentary capacity.

We find and hold that the court below did not err in giving defendant's special request No. 1, for the reason that in the case of **Niemes v Niemes, 97 Oh St, 154**, the Supreme Court of Ohio in there defining degree of mental capacity sufficient to execute a valid will, hold that the rule laid down there is a correct pronouncement of the law.

For an examination of the entire record in this case we find and believe that the evidence supports the verdict of the jury and the judgment of the court made thereon. Therefore, finding no prejudicial error in this case, the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK and MONTGOMERY, JJ, concur.